**In Re: Commitment of Cunningham**

*Dennis G. Charles,* for The County of Lehigh.
*Prince Altee Thomas,* for The Commonwealth.

DAVISON, *J.*, July 19, 1983—This proceeding raises the novel question of the proper allocation of liability for the costs incurred by reason of a mental health commitment of a nonresident charged but not yet tried for criminal acts.

On August 6, 1980, John Cunningham, a nonresident of Lehigh County, was arrested and charged in Lehigh County with the crime of open lewdness and committed to the Lehigh County Prison. On August 20, 1980, our colleague, The Honorable James N. Diefenderfer, upon consideration of the recommendation of the Lehigh County Mental Health Review Offices, found Cunningham to be severely mentally disabled and ordered him involuntarily committed for inpatient treatment at Allentown State Hospital for a period not to exceed ninety days pursuant to section 304 of the Mental Health Procedures Act, Act of July 9, 1976, P.L. 817, as amended, 50 P. S. §7304, ann. This period of involuntary commitment was twice extended for consecutive periods of up to 180 days by order of this writer on November 19, 1980 and by order of The Honorable David E. Mellenberg on May 11, 1981. See 50 P. S. §7305, ann. To this day Cunningham has never been convicted nor sentenced on the underlying criminal charges in question.

During 1981, the Commonwealth of Pennsylvania billed the County of Lehigh for costs incurred by Allentown State Hospital in connection with Cunningham's involuntary commitment. We have before us for disposition Lehigh County's challenge thereto and its contention that it is the Commonwealth, and not the county, that is liable in that Cunningham was not a resident of Lehigh County at the time of his involuntary commitment.

At the outset we observe that the Commonwealth is correct in contending that Lehigh County's reli-

ance on section 408 of the Mental Health Procedures Act, 50 P. S. §7408 ann. is misplaced. That provision states:

"The Commonwealth shall pay for the costs, payments or expenditures in excess of $120 per day made on behalf of any person who is a resident of a county located within the Commonwealth and who receives treatment and for whom liability is imposed on the county pursuant to section 505 (a) of the act of October 20, 1966 (3rd Sp.Sess., P.L. 96, No. 6), known as the 'Mental Health and Mental Retardation Act of 1966.' All costs up to and including $120 per day shall be imposed upon the county of his residence. In the event that a residency cannot be determined to be in a county within the Commonwealth by the court that convicted or sentenced the person, all liability for treatment imposed by section 505 (a) of the 'Mental Health and Mental Retardation Act of 1966' shall be borne by the Commonwealth."

Although the Commonwealth admits that Cunningham was not a resident of Lehigh County at the time of his involuntary commitment, section 408 does not control the instant case since liability for costs incurred in connection with Cunningham's commitment was not imposed pursuant to section 505 (a) of the Mental Health and Mental Retardation Act of 1966, Act of October 20, 1966, 3rd Special Session, P.L. 96, 50 P. S. §4505(a), ann., which reads:

"(a) Whenever any person is cared for in a facility while under conviction or sentence, liability for all costs, payments or expenditures made on behalf of such person is hereby imposed upon the county where he was convicted or sentenced. Such liability shall cease upon the expiration of a period not exceeding the maximum sentence which was imposed, or if

no sentence was imposed, of a period not to exceed one-half of the maximum sentence which might have been imposed or ten years, whichever is less." Cunningham was not commited to Allentown State Hospital "while under conviction or sentence."

Our inquiry does not stop there, however. Under the Mental Health and Mental Retardation Act of 1966, liability for diagnosis, evaluation and care in state-operated facilities, such as Allentown State Hospital, falls upon the Commonwealth except as provided in three enumerated sections of that Act. See 50 P. S. §4507, ann. Of these three sections, only section 505 (b) is applicable to the case at bar, stating:

"(b) Whenever any person is committed for observation in connection with any proceedings with reference to a criminal act, liability for the costs of his observation, transportation, maintenance and care shall be imposed upon the county from which he was committed for the period of observation only, which shall not exceed ninety days." 50 P.S. §4505 (b), ann.

We hold that the factual situation here falls within the section 505 (b) exception to the general rule of Commonwealth liability set forth at 50 P. S. §4507, ann. supra. This is only a partial exception, however, as the committing county, here Lehigh County, is liable only for a period of observation not to exceed ninety days. There is no evidence before us from which we can conclude whether Cunningham underwent a period of observation upon being committed or whether such period, if any, existed for less than 90 days. Because Lehigh County, as the moving party, must carry the burden of proof in this respect, we are constrained to hold it liable for costs associated with the initial ninety days of Cunningham's commitment.* The Commonwealth

is liable for the remainder of the costs. See Commonwealth v. Leeds, 32 Del. 236 (1942).

Our determination comports with the latest legislative enactment in the area, 50 P. S. §7408, ann. supra, insofar as the principal liability for the care and treatment of a person of indeterminate residency is assumed by the Commonwealth. Moreover, considerations of fairness to county taxpayers who might otherwise be unreasonably burdened in our increasingly transient society have prompted liability to be assigned to the Commonwealth in other contexts, such as public education, when a local residency cannot be established. See, e.g., 24 P. S. §13-1308 ann.; 24 P.S. §25-2509.2 ann. See also Schwartz v. O'Hara Township School District, 375 Pa. 440, 100 A.2d 621 (1953).

### ORDER

Now, July 19, 1983, after argument, upon consideration of the record and for the reasons set forth in the accompanying opinion, it is ordered that liability for the costs incurred in connection with the diagnosis, evaluation and care of John Cunningham at Allentown State Hospital is proportioned in accordance with the accompanying opinion.

---

* Although counsel for the County has not raised the issue, query — where a commitment is for "observation" as distinct from "treatment" (assuming a distinction between the two terms), does the County bear *any* financial responsibility?